**WO**                                                                                   JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Luan Luanhasa, | ) | No. CV 05-1246-PHX-MHM (BPV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Janet Napolitano, et al., | ) | |
| Defendants. | ) | |

     This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Northern Nevada Correctional Center in Carson City, Nevada. The Court will dismiss the action with leave to amend.

**A.      Procedural Background.**

     On April 25, 2005, Plaintiff filed a *pro se* "Civil Rights Complaint by Prisoner" (Doc. # 1). With his Complaint, Plaintiff filed a certified "Application to Proceed *In Forma Pauperis* By a Prisoner Civil (Non-Habeas)" and an "Inmate Account Statement" (Doc. # 3). By Order filed May 24, 2005, Plaintiff's Application to Proceed *In Forma Pauperis* was denied without prejudice because Plaintiff used an outdated form which instructed him that the current filing fee was $150.00. The Order informed Plaintiff of the increased filing fee of $250.00 effective prior to the filing of his Complaint, and provided 30 days from the date of the Order to file a new Application to Proceed *In Forma Pauperis* and an Account Statement.

     On June 20, 2005, Plaintiff filed a new Application to Proceed *In Forma Pauperis* and an Account Statement (Doc. # 6). Plaintiff also filed a "Motion for Recusal of Judge

JDDL-K

Mary H. Murguia Pursuant to 28 U.S.C. § 455(a)" (Doc. # 8) and Exhibits A through O (Doc. # 7).  By Order filed July 5, 2005,  the Court addressed the "Declaration" filed by Plaintiff on May 13, 2005 (Doc. # 4) wherein Plaintiff appeared to request that the Court delay service of the Complaint until December 2005 or April 2006 because he was unable to prosecute the case.  The July 5, 2005 Order provided Plaintiff 30 days to either file a Notice of Voluntary Dismissal, or to file a new Application to Proceed *In Forma Pauperis* and an Account Statement.

On August 1, 2005, Plaintiff filed another "Declaration" in which he stated that he had, in fact, mailed the new Application to Proceed *In Forma Pauperis* and an Account Statement on June 15, 2005 (Doc. # 10).  In his Declaration, Plaintiff requested that the Court appoint an attorney to represent Plaintiff in this action, or to delay the action until Plaintiff is released from prison so that he may at that time obtain an attorney.  Plaintiff also renewed his Motion for Recusal of Judge Mary H. Murguia.

**B.**     **Application to Proceed In Forma Pauperis & Filing Fee.**

The Court has received Plaintiff's new Application to Proceed *In Forma Pauperis* and the Account Statement (Doc. # 6).  Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee of $3.33 will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

JDDL-K                                                           - 2 -

his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**C.    Motion for Recusal of Judge Mary H. Murguia.**

A motion to recuse a judge, whether it is based on 28 U.S.C. §455(a), 28 U.S.C. §455(b)(1) or 28 U.S.C. §144, must demonstrate that any alleged bias or impartiality stems from extrajudicial conduct, *i.e.*, a litigant may not seek recusal based on a prior adverse ruling in the case. See In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984) (28 U.S.C. §455(a) & (b)(1)). Plaintiff has not demonstrated or even suggested any extrajudicial bias. Accordingly, the Motion for Recusal of Judge Mary H. Murguia will be denied.

**D.    Request for Appointment of Counsel.**

There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Id. at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Wilborn, 789 F.2d at 1331.

The Court has reviewed and evaluated the Complaint and finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time. Plaintiff has not offered any argument regarding his likelihood of success on the merits.  He is in no different a position than other *pro se* litigations who have brought similar claims. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

**E.    Request to Delay Action Until Plaintiff's Release.**

In its Order dated July 5, 2005, the Court addressed Plaintiff's previous request for a delay and informed Plaintiff that he must either proceed with the case by filing a new Application to Proceed *In Forma Pauperis* or, if he could not proceed, file a Notice of

1  Voluntary Dismissal with the Court (Doc. # 9).  In his Declaration of August 1, 2005,
2  Plaintiff renewed his request that, if there is no appointment of an attorney, the action be
3  delayed until Plaintiff is release from prison (Doc. # 10).  However, Plaintiff also indicated
4  his intent to proceed with his civil rights action by providing the new Application to Proceed
5  *In Forma Pauperis*, and by specifically asking the court not to dismiss the Complaint.  The
6  Court will deny Plaintiff's request to delay the action and will proceed to screen Plaintiff's
7  Complaint pursuant to 28 U.S.C. § 1915A(a).

8  **F.  Statutory Screening of Prisoner Complaints.**

9  The Court is required to screen complaints brought by prisoners seeking relief against
10  a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
11  § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised
12  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
13  may be granted, or that seek monetary relief from a defendant who is immune from such
14  relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured
15  by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the
16  complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th
17  Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can
18  possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court
19  therefore should grant leave to amend if the pleading could be cured by the allegation of
20  other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.  The
21  Court should not, however, advise the litigant how to cure the defects.  This type of advice
22  "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124
23  S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether
24  court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed
25  for failure to state a claim, *with* leave to amend because the complaint may possibly be saved
26  by amendment.

27  **G.  Complaint.**

28  Plaintiff's Complaint concerns his arrest in May 2003 in Maricopa County pursuant

to a warrant of extradition executed with the State of Nevada.  Plaintiff was in custody of the United States Immigration & Naturalization Service at the Eloy Detention Facility in Eloy, Arizona at the time he was arrested by the Maricopa County Sheriff pursuant to the extradition warrant.   The Complaint also addresses the conditions in the Maricopa County Jail following Plaintiff's arrest.  Plaintiff names 36 Defendants, including both Arizona and Nevada government officials and Maricopa County Sheriff's Office personnel.

In Count I, Plaintiff contends that the Governor of Arizona and the Maricopa County Sheriff did not have probable cause or proper authority to arrest Plaintiff pursuant to the warrant of extradition.  Plaintiff alleges that the Governor of Nevada lacked authority and did not provide the proper documentation to issue a warrant of extradition to Arizona to extradite Plaintiff to Nevada.  The State of Nevada issued the requisition demand to Arizona due to an alleged parole violation.  Plaintiff claims that he received a final discharge from parole from the State of Nevada on November 11, 2002, thus, he could not have committed a parole violation.  Plaintiff further alleges that Nevada officials set forth false allegations against Plaintiff and misled Arizona officials during the extradition process.  Plaintiff asserts that because these state officials have exceeded their authority they are not immune from suit under the Eleventh Amendment.

In Count II, Plaintiff alleges that Maricopa County Sheriff Joseph Arpaio was negligent in failing to protect Plaintiff from other dangerous inmates in the county jail. Plaintiff cites one specific incident on May 30, 2005 in which Plaintiff was attacked by an ex-cellmate and beaten for 15 to 20 minutes before correctional officers arrived.  Plaintiff asserts that he suffered a broken jaw, broken nose, cuts under his eyes, black eyes, and loss of blood.  Plaintiff contends that after being brought to the medical facility, he was forced to wait a long time for an ambulance.  He alleges that he was mistreated by doctors and nurses in the jail and at the County Medical Center.  When Plaintiff returned to the jail after a two-day hospital stay, he discovered money, property, and legal papers missing from his cell.  Further, Plaintiff alleges that he was harassed by other inmates because of his injuries, and jail personnel were negligent in failing to protect him from other dangerous inmates.

And in Count III, Plaintiff contends that Arpaio, along with numerous jail officials and doctors, failed to provide adequate medical care. In addition, doctors and nurses at the Maricopa County Medical Center were negligent and committed malpractice by failing to administer proper medical treatment. For relief, Plaintiff seeks monetary damages and requests that the Court order Plaintiff to be released.

**H.    Failure to State a Claim.**

*1.  Count I - False Arrest and False Imprisonment*

**a. Arizona Officials**

Judicial immunity may be extended to those officials other than judges when "their judgments are functionally comparable to those of judges-- that is, because they, too, exercise a discretionary judgment as part of their function." Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993). See also Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970) (judges and certain officers of government may be absolutely immune from liability under section 1983 for conduct in performance of their duties). This immunity extends to individuals whose functions bear a close association to the judicial process. See Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1985). The purpose underlying this grant of immunity is "to assure that [the individuals] can perform their respective functions without harassment or intimidation." Butz v. Economou, 438 U.S. 478, 512 (1978).

Under Arizona law, "it is the duty of the governor to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state." Ariz. Rev. Stat. § 13-3842. In essence, the governor must determine whether the accused was present in the demanding state at the time of the commission of the alleged crime, that the accused is now in the asylum state, and that the accused is lawfully charged with having committed a crime under the laws of that state or that he has been convicted of a crime in that state and is a fugitive of the law. Ariz. Rev. Stat. § 13-3845. The governor may investigate the demand, however, she is not required to do so. Ariz. Rev. Stat. § 13-3844. The governor may rely solely on the proof contained in proper demand papers. State

1   ex rel. Babbitt v. Kinman, 550 P.2d 1108 (Ariz.Ct.App. 1976).   Once the governor

2   determines that the demand should be complied with, she shall sign it and direct it to a person

3   whom she thinks fit to entrust with its execution.  Ariz. Rev. Stat. § 13-3847.

4        Here, Defendant Napolitano's alleged role in honoring the extradition request was

5   judicial in nature and therefore she is entitled to absolute immunity from suit.  See White v.

6   Armontrout, 29 F.3d 357, 360 (8th Cir. 1994); see also Mullis v. United States Bankruptcy

7   Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (certain officials have "absolute quasi-judicial

8   immunity from damages for civil rights violations when they perform tasks that are an

9   integral part of the judicial process.").  Similarly, those Defendants who performed their

10  duties in connection with the extradition warrant on behalf of the Arizona Governor were

11  also functioning in a judicial nature, and thus, they are entitled to absolute immunity.

12  Accordingly, Defendants Napolitano and Pam Ramsey will be dismissed with prejudice. The

13  Court notes that Defendant Joseph Arapio, named as a Defendant in Count I based on his

14  actions on behalf of Governor Napolitano, is not dismissed from the action with prejudice

15  as he remains a named defendant in Counts II and III.

16       **b.  Nevada Officials**

17       When a prisoner challenges the validity of his confinement, his sole federal remedy

18  is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  For civil rights

19  claims brought in § 1983 actions that also challenge the validity of confinement, the Supreme

20  Court announced a "favorable termination rule" as follows:

21       In order to recover damages for allegedly unconstitutional conviction or

22       imprisonment, or for other harm caused by action whose unlawfulness would

23       render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

24       conviction or sentence has been reversed on direct appeal, expunged by

25       executive order, declared invalid by a state tribunal authorized to make such

26       determination, or called into question by a federal court's issuance of a writ of

27       habeas corpus . . .

28  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Without such a showing of a "favorable

1   termination," the person's cause of action under § 1983 has not yet accrued. Id. at 489.

2   Thus, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his

3   conviction or sentence, the complaint must be dismissed. Id. at 487.

4          Plaintiff's false arrest and false imprisonment claim is challenging the parole violation

5   alleged by Nevada officials in the warrant of extradition. A judgment in Plaintiff's favor

6   would imply the invalidity of his confinement in the Northern Nevada Correction Center.

7   Under Heck, this type of challenge requires a favorable termination on the parole violation

8   charge. Plaintiff has failed to allege any facts to show a termination in his favor which would

9   give rise to a claim under § 1983. Accordingly, Count I against the Nevada officials must

10  be dismissed. Plaintiff may amend his Complaint if he can allege in good faith facts to

11  demonstrate that the parole violation charge was dismissed or otherwise terminated in

12  Plaintiff's favor.

13         *2. Count II - Threat to Safety/Failure to Protect*

14         The Supreme Court has held that mere negligent failure to protect an inmate from

15  another inmate is not actionable under § 1983. Davidson v. Cannon, 474 U.S. 344 (1986).

16  A prison official violates the Eighth Amendment in failing to protect one inmate from

17  another only when two conditions are met. First, the alleged constitutional deprivation must

18  be, objectively, "sufficiently serious;" the official's act or omission must result in the denial

19  of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825,

20  834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*,

21  he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate

22  indifference" in this context, the Supreme Court has imposed a subjective test:

23  "[t]he official must both be aware of the facts from which the inference could be drawn that

24  a substantial risk of serious harm exists, and he must also draw the inference." Id. at 839,

25  (emphasis supplied).

26         The facts set forth in Count II fail to demonstrate any constitutional violation. For

27  each Defendant named, Plaintiff alleges that the conduct was negligent. Mere negligence

28  does not rise to a constitutional violation. Consequently, Plaintiff fails to state a claim

against those Defendants named in Count II.  Plaintiff may, however, amend his Complaint if he can in good faith allege facts to show that a Defendant's conduct was sufficiently serious and the Defendant acted with deliberate indifference in failing to protect Plaintiff.

### 3.  Count III - Medical Care

To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show that Defendants acted with "deliberate indifference to his serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Plaintiff must show the delay in treatment was harmful.  Id.  The indifference must be substantial, and the conduct must rise to a level of  "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

To state a claim of deliberate indifference, a plaintiff must allege that a specific defendant, despite his knowledge of a substantial risk of serious harm to the plaintiff, failed to take reasonable measures to abate the harm.  Farmer, 511 U.S. 825 (1994).  The alleged constitutional deprivation must be, "objectively, 'sufficiently serious'" i.e., the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Id. at 834.  Further, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with deliberate indifference to inmate health or safety. Id.

In Count III, Plaintiff asserts that Defendants failed to provide medical attention and medical treatment, but Plaintiff has not set forth any allegations to show that defendant's conduct rises to the level of "unnecessary and wanton infliction of pain." Plaintiff states only that each Defendant "failed to provide adequate medical attention" and that, as a result, Plaintiff "suffered cruel and unusual punishment to his injuries" (Compl. at 6A).  However, Plaintiff does not identify any acts or omissions of the Defendants or any injuries suffered as a result of Defendants conduct.  Moreover, Plaintiff specifically alleges that Defendants

1    were negligent for failing to provide medical attention.  Mere claims of "indifference,"

2    "negligence," or "medical malpractice" do not support a claim under 42 U.S.C. § 1983.

3    Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).  Inadequate treatment

4    due to malpractice or even gross negligence, does not constitute an Eighth Amendment

5    violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Medical malpractice

6    does not become a constitutional violation merely because the victim is a prisoner.  In order

7    to state a cognizable claim, the prisoner "must allege acts or omissions sufficiently harmful"

8    to evidence deliberate indifference to serious medical needs. Estelle, 429 U.S. at 97 (1976);

9    Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  At this juncture, Plaintiff has

10   failed to set forth a cognizable claim in Count III.  The Court will dismiss the claim with

11   leave to amend.

12   **I.      Leave to Amend.**

13            For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

14   a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

15   deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a

16   Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

17   complaint must be retyped or rewritten in its entirety on the court-approved form and may

18   not incorporate any part of the original Complaint by reference.  Any amended complaint

19   submitted by Plaintiff should be clearly designated as such on the face of the document.

20            Plaintiff is also reminded that in an Amended Complaint, he may only include one

21   claim per count.  The "one claim per count" rule is set forth in the form Complaint and

22   accompanying instructions, and is a requirement imposed by the local rules of this Court.

23   See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

24   form).

25            An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963

26   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

27   1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.

28   Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are

1  not alleged in an amended complaint are waived.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.
2  1987).

3  **J.    Address Changes.**

4      In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he
5  must file a notice of change of address if his address changes.  Plaintiff is again reminded
6  that at all times during the pendency of this action, Plaintiff shall immediately advise the
7  Court of any change of address and its effective date.  Such notice shall be captioned
8  "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of
9  Change of Address on all opposing parties.  The notice shall contain only information
10  pertaining to the change of address and its effective date, and shall not include a motion for
11  other relief.  Failure to timely file a notice of change of address may result in the dismissal
12  of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
13  Procedure.

14  **K.    Warning of Possible Dismissal.**

15      Plaintiff should take note that if he fails to timely comply with every provision of this
16  Order, this action will be dismissed without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-
17  61(district court may dismiss action for failure to comply with any order of the Court).
18  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
19  fails to file an amended complaint correcting the deficiencies identified in this Order, the
20  dismissal of this action will count as a "strike" under the "three strikes" provision of the
21  Prison Litigation Reform Act.  <u>See</u> 28 U.S.C. § 1915(g).

22  **IT IS THEREFORE ORDERED that:**

23      (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 6) is **granted**
24  pursuant to 28 U.S.C. § 1915(a)(1).

25      (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
26  Plaintiff is assessed an initial partial filing fee of $3.33.  All fees shall be collected and paid
27  in accordance with this Court's Order to the appropriate government agency filed
28  concurrently herewith.

JDDL-K                              - 11 -

1    (3) Plaintiff's Motion for Recusal of Judge Mary H. Murguia (Doc. # 8) is **denied**.

2    (4) Plaintiff's request for appointment of counsel (Doc. # 10) is **denied**.

3    (5) Plaintiff's request to delay this action (Doc. # 10) is **denied**.

4    (6) The following Defendants are dismissed *with* prejudice: Janet Napolitano; and

5  Pam Ramsey.

6    (7)  The Complaint (Doc. # 1) is **dismissed** for failure to state a claim.  Plaintiff shall

7  have **30 days** from the date this Order is filed to file an Amended Complaint in compliance

8  with this Order.

9    (8)   The Clerk of Court shall enter a judgment of dismissal of this action with

10  prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint

11  within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall

12  make an entry on the docket in this matter indicating that the dismissal of this action falls

13  within the purview of 28 U.S.C. § 1915(g).

14    (9)  Aside from the two copies of the complaint or amended complaint that must be

15  submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy

16  of every pleading or other document filed shall accompany each original pleading or other

17  document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the

18  case is assigned.  See LRCiv 5.4.  Failure to comply with this requirement may result in the

19  pleading or document being stricken without further notice to Plaintiff.

20    (10)  The Clerk of Court shall provide to Plaintiff a current court-approved form for

21  filing a civil rights complaint by a prisoner.

22    DATED this 9th day of January, 2006.

23

24

25                     Mary H. Murguia
                       United States District Judge

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  <u>General Information About the Civil Rights Complaint Form:</u>

A.  <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

<u>Phoenix & Prescott Divisions</u>:        **OR**        <u>Tucson Division</u>:

U.S. District Court Clerk                      U.S. District Court Clerk
U.S. Courthouse, Suite 321                 U.S. Courthouse, Suite 1500

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E.  Certificate of Service on Defendants.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of ___(month)___ , (year) , to:
> Name:  _____
> Address: _____
>     Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  Original and Judge's Copy.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  Exhibits.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  Change of Address.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  <u>Completing the Civil Rights Complaint Form:</u>

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

    2. <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**
> You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

> 1. <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

> 2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

> 3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

> 4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

> 5. <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
> Print the relief you are seeking in the space provided.

**SIGNATURE:**
> You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**
> You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,  )
                                   )
(Full Name of Plaintiff)    Plaintiff,    )
                                   )
                       vs.         )   CASE NO. _____
                                   )        (To be supplied by the Clerk)
_____,  )
                                   )
_____,  )
                                   )        **CIVIL RIGHTS COMPLAINT**
_____,  )        **BY A PRISONER**
                                   )
_____,  )   ☐ Original Complaint
(Full Name of Each Defendant)  Defendant(s).   )   ☐ First Amended Complaint
                                   )   ☐ Second Amended Complaint
_____   )

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
     b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
     Present mailing address: _____.
                    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____.

Revised 2/7/05                              1

# 550/555

3. Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
<span>         (Position and Title)</span>                                     (Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4. Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
<span>         (Position and Title)</span>                                     (Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5. Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
<span>         (Position and Title)</span>                                     (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
<span>         (Position and Title)</span>                                     (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2. If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
spaces provided below.

3. First prior lawsuit:
   a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____

          _____.

    c.  Case or docket number: _____.

    d.  Claims raised: _____

          _____

    e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

          _____.

    f.  Approximate date lawsuit was filed: _____.

    g.  Approximate date of disposition: _____.

4.  Second prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____

          _____.

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____

          _____.

    c.  Case or docket number: _____.

    d.  Claims raised: _____

          _____.

    e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

          _____.

    f.  Approximate date lawsuit was filed: _____.

    g.  Approximate date of disposition: _____.

5.  Third prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____

          _____.

    b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____

          _____.

    c.  Case or docket number: _____.

    d.  Claims raised: _____

          _____.

    e.  Disposition:  (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

          _____.

    f.  Approximate date lawsuit was filed: _____.

    g.  Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)         ☐ Mail            ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                      ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.


2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)        ☐ Mail              ☐ Access to the court         ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                    ☐ Yes      ☐ No
    b.    Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
    c.    Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
    d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)        ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings        ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                        ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count III?        ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?    ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.   _____
_____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.