**WO**                                                                              MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Luan Luanhasa, ) | No. CV 05-1246-PHX-MHM (BPV) |
|                     ) | |
|        Plaintiff,   ) | **ORDER** |
|                     ) | |
| vs.                 ) | |
|                     ) | |
| State of Arizona, et al., ) | |
|                     ) | |
|        Defendants.  ) | |
| _____ ) | |

**I.    Pending Motion and Prior Order**

Pending before the Court is Plaintiff Luan Luanhasa's May 24, 2007 Motion for
Reconsideration (Doc. #39) of the Court's April 30, 2007 Order (Doc. #37) dismissing this
case with prejudice.

The Court stated in its April 30, 2007 Order:

> More than 15 months have passed since the Court first
> informed Plaintiff of the deficiencies in his Complaint and gave
> Plaintiff an opportunity to amend his complaint to cure them.
> To date, Plaintiff has not filed an amended complaint.  This is
> true despite the numerous extensions of time he has obtained by
> filing a variety of motions and a frivolous appeal. And, given
> Plaintiff's April 16, 2007 Motion seeking yet another indefinite
> extension of time, it is clear that he has no intention of filing an
> amended complaint in the foreseeable future.

> The Court will deny Plaintiff's April 16, 2007 motion for
> an extension of time because the Court previously informed
> Plaintiff that "[n]o further extensions will be granted" and
> because Plaintiff presents no sound basis for yet another
> extension. The Court will dismiss this case because Plaintiff has
> failed to timely file an amended complaint despite multiple
> extensions of time and multiple warnings from the Court that
> failure to timely file an amended complaint would result in

1
2
3
4

dismissal.  <u>See</u> Fed. R. Civ. P. 41(b) (authorizing dismissal "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating a district court may dismiss action for failure to comply with any order of the court).  And, as Plaintiff was warned on multiple occasions, this dismissal will count as a "strike" under the "three strikes" provision of 28 U.S.C. § 1915(g).

5

(Doc. #37 at 4) (footnote omitted).

6

**II.    Discussion**

7
8
9
10
11
12
13
14
15
16
17

"Motions to reconsider are appropriate only in rare circumstances."  <u>Defenders of Wildlife v. Browner</u>, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through–rightly or wrongly.'"  <u>Defenders of Wildlife</u>, 909 F. Supp. at 1351 (<u>quoting</u> <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

18
19

The Court has considered Plaintiff's motion for reconsideration and finds no basis to alter its Order.  Accordingly,

20
21

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #39) is **denied**.  DATED this 15th day of June, 2007.

22
23
24
25

Mary H. Murguia
United States District Judge

26
27
28